**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | |
| JACQUELINE DELGADO, | : | Chapter 13 |
| | : | |
| *Debtor.* | : | Case No. 23-10862-AMC |

**MOTION FOR RECONSIDERATION OF ORDER DENYING DEBTOR'S APPLICATION TO EMPLOY ATTORNEY, BRIAN D. FLICK**

Debtor, Jacqueline Delgado (the "Debtor"), by and through her undersigned counsel, hereby moves this Court for reconsideration of its Order dated September 17, 2025, pursuant to Fed. R. Bankr. P. 9023 and 9024, denying Debtor's Application to Employ Attorney Brian D. Flick pursuant to 11 U.S.C. § 327. In support of this Motion, the Debtor states as follows:

**I. Introduction**

The Debtor requested the assistance of Attorney Brian D. Flick of DannLaw to file an adversary proceeding complaint against mortgage creditor, Pennymac Loan Services, LLC, for alleged violations of RESPA and Regulations X and Y, based on Attorney Flick's extensive experience in mortgage litigation. Creditor objected, stating: *"An out-of-state attorney should not be allowed to litigate such a routine matter."* Debtor's counsel explained that he had submitted a RESPA Request for Information to Pennymac and received 400–500 pages of documents in response. DannLaw has the expertise and resources to review this voluminous production. Counsel further explained that Attorney Dunne is unable to assist the Debtor in this litigation at this time due to a sudden and large volume of Chapter 7 business bankruptcies and a pending Chapter 11 bankruptcy that require his immediate attention. Nonetheless, the Court denied the Debtor's request to employ Attorney Flick, adopting the Creditor's objection that "an out-of-state attorney" should not be permitted to litigate against Pennymac.

- 1 -

**II. Standard for Reconsideration**

Reconsideration is appropriate where the Court has made a clear error of law or fact, or where necessary to prevent manifest injustice. See *In re Energy Future Holdings Corp.*, 904 F.3d 298, 311 (3d Cir. 2018) (recognizing grounds for relief under Fed. R. Civ. P. 59 and 60, incorporated through Fed. R. Bankr. P. 9023 and 9024).

**III. Argument I**

**No Statutory Provision Requires a Chapter 13 Debtor to Seek Court Approval for the Employment of Professionals Under 11 U.S.C. § 327**

1. Section 327 of the Bankruptcy Code authorizes the *trustee* in Chapter 7, 11, and 12 cases to employ professional persons with court approval. By its plain terms, § 327 does not grant such authority to a Chapter 13 debtor, nor does it impose any obligation on a debtor to seek approval before retaining professional assistance.

2. The statute's silence regarding Chapter 13 debtors is significant and has been consistently interpreted by courts to mean that Chapter 13 debtors are not bound by § 327.

3. Courts in this District and across the country have repeatedly held that § 327 does not apply to Chapter 13 debtors. Judge Frank of this Court addressed the issue directly in *In re Olick,* 565 B.R. 767 (Bankr. E.D. Pa. 2017):

> "The distinction between the debtor and the trustee in a chapter 13 case has consequences in connection with the employment of professionals. 11 U.S.C. § 327 mandates that 'the trustee' obtain court approval before employing professionals. There is no Code provision imposing the same obligation on a chapter 13 debtor. As a result, a chapter 13 debtor does not need bankruptcy court approval to employ counsel." *Id.* at 772.

4.     Similarly, in *In re Demenza*, 582 B.R. 868, 870 (Bankr. M.D. Pa. 2018), Chief Judge Robert N. Opel II held: *"Unlike other Chapters of the Bankruptcy Code, there is no statutory provision for employment of professionals in a Chapter 13 case."*

5.     Likewise, in *In re Fricker*, 131 B.R. 932, 939–41 (Bankr. E.D. Pa. 1991), this Court acknowledged that § 327 does not require approval of professionals employed by a Chapter 13 debtor.

6.     Numerous other courts agree: *In re Jones*, 505 B.R. 229, 231 (Bankr. E.D. Wis. 2014); *In re Scott*, 531 B.R. 640, 645 (Bankr. N.D. Miss. 2015); *In re Gilliam*, 582 B.R. 459, 465–66 (Bankr. N.D. Ill. 2018); *In re Maldonado*, 483 B.R. 326, 330 (Bankr. N.D. Ill. 2012).

7.     Authoritative commentary confirms this interpretation. Collier on Bankruptcy § 327.01 (16th ed. 2017) states: *"Thus, a debtor in a case under Chapter 13 does not need court approval for retaining counsel."*

8.     Collier's observation is rooted in the plain language of § 327, which refers only to "the trustee" and conspicuously omits Chapter 13 debtors. The treatise emphasizes that Congress deliberately differentiated between the trustee's statutory obligation to obtain court approval before hiring professionals and the absence of any such duty imposed upon a Chapter 13 debtor. By confirming that court approval is unnecessary, Collier clarifies that *debtors retain the autonomy to contract for legal services post-petition*, subject only to the disclosure and reasonableness requirements of 11 U.S.C. § 329 and Fed. R. Bankr. P. 2016.

9.     Collier recognizes that § 327 was never intended to create a gatekeeping role for the court in Chapter 13 cases with respect to a debtor's choice of counsel. Instead, the debtor's retention of attorneys is governed solely by provisions ensuring transparency of fees — not by provisions requiring prior

approval of employment. This interpretation preserves both the debtor's right to representation and the integrity of the bankruptcy process, while avoiding unnecessary procedural barriers that could impair the debtor's ability to vindicate claims against creditors.

**IV. Argument II**

**Restricting a Debtor's Ability to Retain Professionals Post-Petition Raises Serious Policy and Constitutional Concerns**

10. Prohibiting a Chapter 13 debtor from hiring professionals of his or her choice without court approval would impose an unnecessary and unintended barrier to effective bankruptcy relief. Such a restriction could also be viewed as infringing upon the debtor's fundamental right to contract for legal assistance and, at its extreme, would amount to a form of involuntary servitude. See *Pollock v. Williams*, 322 U.S. 4, 18 (1944) (Thirteenth Amendment prohibits laws or practices that "compel one man's continued labor for the benefit of another"). The Bankruptcy Code requires only disclosure of compensation arrangements under 11 U.S.C. § 329 and Fed. R. Bankr. P. 2016, not prior court approval of employment.

11. By denying the debtor the opportunity to retain Attorney Flick, the Court has placed an unnecessary and unauthorized barrier between the debtor and her ability to vindicate rights under federal consumer protection statutes.

12. At the hearing on September 17, 2025, the creditor advanced the argument that the debtor's employment of Attorney Flick would somehow burden the estate's resources. That position was flatly contradicted by the record. Attorney Dunne read into the record the Attorney Retainer Agreement, making clear that the client is paying **$0.00 upfront** to DannLaw or to Attorney Dunne, and that both

counsel will seek compensation solely pursuant to Fed. R. Bankr. P. 2016. See Doc. 53-1 ¶ 1. This framework fully protects the estate and creditors, while permitting the debtor access to competent counsel. The creditor's objection therefore lacked both factual and legal support, underscoring that the Court's ruling was unnecessary to preserve estate resources.

13. From a policy standpoint, debtors in Chapter 13 often face litigation against powerful creditors, such as mortgage servicers, who are typically represented by *well-financed national firms*. Preventing debtors from hiring competent counsel of their choice — particularly where existing counsel has disclosed he cannot prosecute the claims due to workload — denies them a fair opportunity to protect their rights.

14. The Supreme Court has cautioned against restrictions that impair individuals' ability to contract for services essential to their rights, noting that practices which compel one party to labor or defend alone against powerful adversaries raise concerns under the Thirteenth Amendment. See *Pollock*, 322 U.S. at 18. Likewise, the debtor's due process rights are implicated when the Court forecloses the ability to pursue legitimate claims with adequate representation.

15. Congress has already struck the appropriate balance by requiring disclosure of compensation arrangements under § 329 and Rule 2016. Those provisions ensure transparency and protect the estate, without stripping Chapter 13 debtors of their autonomy to hire attorneys post-petition. By extending § 327 to Chapter 13 debtors — contrary to its plain language and precedent in this District — the Court risks chilling access to justice, undermining constitutional rights, and imposing a result Congress never intended.

**V. Relief Requested**

Because the Court's denial was based on an incorrect application of § 327 and Rule 2014 to a Chapter 13 debtor, Debtor respectfully requests that the Court:

- Vacate its prior Order denying the Motion to Employ;

- Clarify that a Motion to Employ is not required in a Chapter 13 case;

- Clarify that the disclosure requirements of 11 U.S.C. § 329 and Fed. R. Bankr. P. 2016 fully govern a Chapter 13 debtor's retention of counsel;

- Alternatively, to the extent the Court determines approval is required, approve nunc pro tunc the employment of Attorney Brian D. Flick; and

- Grant such other relief as this Court deems just and proper.

**VI. Conclusion**

For the foregoing reasons, the Debtor respectfully requests that the Court grant the relief requested herein and enter an Order consistent with the requested clarifications.

Dated:  September 17, 2025

BY: /s/ *Stephen M. Dunne*
**Stephen M. Dunne, Esquire**
1515 Market Street, Suite 1200
Philadelphia, PA 19102
(215) 551-7109 Phone
Attorney for Plaintiff
