**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE:<br>Jacqueline Delgado<br>aka Jacqueline Zielinski<br><div align="center">Debtor</div><br><br>PENNYMAC LOAN SERVICES, LLC<br><div align="center">Movant,</div><br>v.<br><br>Jacqueline Delgado<br>aka Jacqueline Zielinski<br>and<br>Scott F. Waterman, Trustee<br><div align="center">Respondent.</div> | Case No. 23-10862 AMC<br>Chapter 13 |

**RESPONSE OF CREDITOR PENNYMAC LOAN SERVICES, LLC
TO DEBTOR'S MOTION FOR RECONSIDERATION OF THIS
COURT'S SEPTEMBER 18, 2025 ORDER DENYING
DEBTOR'S APPLICATION TO EMPLOY ATTORNEY. BRIAN D. FLICK**

PennyMac Loan Services, LLC (or Respondent"), by and through its counsel, Powers Kirn, LLC, (Karina Velter on behalf of the firm), hereby files this Response in opposition to Debtor's Motion for Reconsideration of this Court's September 18, 2025 Order and in support of the same states as follows:

**JURISDICTION AND VENUE**

1. This Court has exclusive jurisdiction over this matter pursuant to 28 U.S.C. §§ 157. Under 28 U.S.C. § 157(a), "Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title".

2. Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

3. A Motion for Reconsideration must establish (1) an intervening change in controlling law; (2) new evidence not previously available; or (3) an amendment or alteration of judgment is needed

to correct a clear error or prevent manifest injustice. *North River Ins., Co. v. CIGNA Reinsurance Co.,* 42 F.3d 1194, 1218 (3d Cir. 1995).

4. The moving party cannot succeed by merely proffering arguments based on evidence available at the time of entry of the judgment. *See, e.g., Harsco Corp. Zlotnicki,* 779 F.2d 906, 909 (3d Cir. 1985) ("The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. Where evidence is not newly discovered, a party may not submit that evidence in support of a motion for reconsideration.").

5. Granting a motion for reconsideration is an extraordinary remedy. *In re Home Health Corp. of Am., Inc.,* 268 B.R. 74, 76 (Bankr.D.Del. 2001).

6. PennyMac Loan Services, LLC objects to the Debtor's Motion for Reconsideration because Debtor has failed to establish (1) an intervening change in controlling law; (2) new evidence not previously available; or (3) an amendment or alteration of judgment is required to correct a clear error or prevent manifest injustice.

7. Debtor argues that the Court erred in favoring the Creditor's argument against allowing DannLaw to represent the Debtor, because Section 327 of the Bankruptcy Code does not impose an obligation on the debtor to seek court approval for retention of professional assistance. Yet, this is precisely the Code section Debtor chose to rely upon when filing her Application to Employ Professional at docket #53.

8. Debtor cannot ask the Court to consider a request pursuant to a specific provision of the Code and, then, argue that the Code section does not apply when she does not get the relief sought. While the case law cited by Debtor's counsel addresses the inapplicability of section 327 to debtors, such cases do not deal with the retention of out-of-state counsel.

9. Although the Creditor can concede that the case law in this jurisdiction is settled, that section 327 does not require the debtor to obtain court approval to retain counsel, not one of the cases cited by the Debtor presents a similar set of facts to the case at bar.

10. In fact, the cases cited by Debtor are quite distinguishable for countless reasons, not the least of which is the fact that in present case, Debtor seeks to retain counsel who is not licensed to practice law in Pennsylvania.

    A. *In re Olick*, 565 B.R. 767 (Bankr. E.D. Pa. 2017), involves a motion for summary judgement in

   an adversary brought in a 20 year old case. The debtor in that case sought the appointment of special counsel in "another forum" not in the bankruptcy initially.

 **B.** *In re Demenza*, 582 B.R. 868, 870 (Bankr. M.D. Pa. 2018), involves a creditor's motion to Employ Counsel to Pursue Fraudulent Conveyance Action and Preference Action against Debtor.

 **C.** *In re Fricker*, 131 B.R. 932, 939–41 (Bankr. E.D. Pa. 1991), deals with Counsel's failure to comply with the requirements of 11 U.S.C. § 329(a) and Bankruptcy Rule ("B.Rule") 2016(b).

 **D.** Non-controlling Authority

- *In re Jones*, 505 B.R. 229, 231 (Bankr. E.D. Wis. 2014);
- *In re Scott*, 531 B.R. 640, 645 (Bankr. N.D. Miss. 2015);
- *In re Gilliam*, 582 B.R. 459, 465–66 (Bankr. N.D. Ill. 2018);
- *In re Maldonado*, 483 B.R. 326, 330 (Bankr. N.D. Ill. 2012)

11. Another argument advanced in the Motion for Reconsideration is that Debtor's counsel is too busy with other cases to adequately represent the Debtor in the prosecution of her alleged claims against the Creditor. Yet, surprisingly, counsel had no issues whipping up a 6 page motion for reconsideration and filing it on the same day as the Court heard argument and denied the Application to Employ. In fact, the motion for reconsideration was filed so quickly that the Order denying the application had not yet made it onto the docket.

12. Thus, Counsel's argument does not seem genuine. Furthermore, during the hearing on September 17, 2025, Debtor's counsel stated that he has worked with DannLaw Firm on other matters in the past and the firm has prosecuted cases similar to the Debtor's case in other bankruptcy courts in Pennsylvania. However, based on an examination of Pacer dockets in all three of our Districts, Creditor's counsel was only able to find one other matter in which DannLaw Firm has been involved.

13. Creditor believes that the Debtor's and/or Debtor's counsel's persistence rallying for the Court's approval of Mr. Flick and his firm is somewhat disingenuous. Creditor is concerned that if Mr. Flick is retained as "special counsel" that an adversary proceedings will be commenced solely for the purpose of conducting a "fishing expedition" and not based on any meritorious claims. The facts of this case are not complex.

PennyMac filed a Certificate of Default with this Court on June 2, 2025, since a Notice of Default was not timely cured. No opposition to the Certificate of Default was ever filed by Debtor's counsel. Debtor failed to respond, and, on June 30, 2025, this Court entered an Order granting relief from the automatic stay. See Docket #49. The real concern is why did Debtor's counsel not file any response to the Certificate of Default.

14. Lastly, Creditor believes that allowing the employment of Attorney Flick will certainly burden the Estate. Debtor's counsel asserts that this positon was "flatly contradicted" when the Attorney Retainer Agreement was read into the record. However, while the Agreement provides that Debtor will pay nothing upfront, it states that **both** DannLaw and Attorney Dunn will seek compensation from the Estate pursuant to Fed. R. Bankr. P. 2016. The Agreement provides further that Mr. Flick will be the lead attorney and will bill at the rate of $400/hour. Similarly, per the Disclosure of Compensation of Attorney included in the Debtor's Petition and Schedules, Attorney Dunn's hourly rate is $325.00. Thus, any assertion that the Estate will not be burdened by a "fishing expedition" to be conducted by not one, but two attorneys billing hourly, is simply preposterous.

## CONCLUSION

For the reasons set forth reasons set forth above, PennyMac Loan Services, LLC, respectfully requests that the Court enter an Order denying Debtor's Motion for Reconsideration.

RESPECTFULLY SUBMITTED,

POWERS KIRN, LLC

**/s/ Karina Velter, Esquire**
POWERS KIRN, LLC
Jill Manuel-Coughlin, Esquire; ID 63252
Harry B. Reese, Esquire; ID 310501
Karina Velter, Esquire; ID 94781
8 Neshaminy Interplex, Suite 215
Trevose, PA  19053
215-942-2090 phone; 215-942-8661 fax
Email:  bankruptcy@powerskirn.com
Attorney for Movant

Date: October 8, 2025